IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. NO. 1:25-00012-KD-B |
| | ) |
| JOSEPH DERELL COBB, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Joseph Derrell Cobb plead guilty to Count Four of the four-count Superseding Indictment charging the offense of possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1). (Doc. 42). The Superseding Indictment contained a Sentencing Allegation, pursuant to the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)), that before Cobb "committed the offense charged in Count Four … he had at least three previous convictions for offenses committed on occasions different from one another." (Doc. 26, p. 4). Cobb pled guilty to the felon in possession charge. Pursuant to the plea agreement, Cobb waived his right to a jury trial on the issue of whether the ACCA was applicable. The action was set for an evidentiary hearing[1] on July 3, 2025, to determine if the ACCA, which carries a mandatory minimum sentence of fifteen years, would apply to Cobb at sentencing.

For the ACCA to apply, a person must have violated 18 U.S.C. § 922(g) and have three prior convictions "for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Relevant here, a serious drug offense under State law is defined as "involving manufacturing, distributing, or possessing with intent to

---

[1] Counsel referred to the evidentiary hearing as a bench trial.

manufacture or distribute, a controlled substance…for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The United States supported its position that the ACCA applies to Cobb with the following state court convictions: (1) Unlawful Possession of a Controlled Substance with Intent to Distribute in the Circuit Court of Mobile County, Alabama, CC-2019-002054; (2) Possession of Marijuana, First Degree in the Circuit Court of Mobile County, Alabama, CC-2016-005124; and (3) Trafficking Marijuana in the Circuit Court of Mobile County, Alabama, CC-2008-001338. (Doc. 44, Brief and Exhibits).

Cobb argued the conviction for Trafficking Marijuana should not be considered by the Court as a qualifying predicate conviction because he was not given adequate notice. Specifically, he pointed out that this conviction was not among the five prior felony convictions identified in Count Four and was not otherwise identified in the Superseding Indictment. He argued that the Court as finder of fact should consider only what is in the Superseding Indictment.

Upon consideration of the parties' respective arguments and the evidence presented at the hearing, and for the reasons stated on the record, the Court finds the following:

1. Defendant Cobb had three prior convictions for offenses that occurred on occasions different from one another, each offense carried a maximum term of imprisonment of at least ten (10) years or more, and each offense qualifies as a serious drug offense under the ACCA. Accordingly, Defendant Cobb is subject to the sentence enhancement under the ACCA.

2. Defendant Cobb was provided adequate notice of the prior conviction of Trafficking Marijuana in the Circuit Court of Mobile County, Alabama, CC-2008-001338, even though it was not listed in the Superseding Indictment. See <u>United States v. Wade</u>, 458 F.3d 1273, 1278 (11th Cir. 2006); <u>United States v. Dowd</u>, 451 F.3d 1244, 1253 (11th Cir. 2006). Notice was provided to Defendant Cobb through discovery and in the Revised Sentencing Guideline Worksheet, (doc. 35).

**DONE and ORDERED** this the **7th day** of **July 2025.**

<u>s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**